PLATNER, appellant, *v.* COMMISSIONERS OF MADISON COUNTY, respondents.

SHERIFF — *Power to employ jailer and charge for the same.* — In all cases where there are no specified fees fixed by law for services rendered, the necessity for such services must be made to appear, and further, that they were legally performed in discharge of official duty.

Under sec. 749, Revised Statutes, 5th Division, p. 566, the sheriff has no authority to put the jail and prisoners in charge of a jailer, except in cases of his own absence or disability.

A bill rendered by sheriff to county commissioners for *per diem* paid for services of jailer, without previous authority for employing such jailer, or a showing of necessity therefor, was properly rejected.

*Appeal from First District, Madison County.*

JAMES E. CALLAWAY, for appellant.

The proper rule is that where power is given to public officers, in the language of sec. 749, Revised Statutes, p. 566, or in equivalent language, "whenever the public interests or individual rights call for its exercise, the language used, though permissive in form, is in fact peremptory." The word "may," in this section, should be construed to mean "shall." *Supervisors* v. *U. S.* 4 Wall. 445; *Malcolm* v. *Rogers,* 15 Am. Dec. 466; *Estate of Ballantine,* 45 Cal. 698; *Phelps* v. *Hawley,* 52 N. Y. 26; *Reed* v. *Banbridge,* 1 South. 351; *Carhart* v. *Milder,* 2 South. 563; *Kane* v. *Footh,* 70 Ill. 587.

As to construction of statutes. Sedgwick, Stat. Law, pp. 237, 238, 246–7; *Fisk* v. *Cuthbert,* 2 Mont. 599.

WM. H. HUNT, Attorney-General, for respondent.

The case rests on the proper construction of sec. 749 of the Revised Statutes, which is simply permissive, for the aid or relief of a sheriff in cases of necessary absence or unavoidable disability. The law makes no provision for pay of a jailer, and the county commissioners have no power to allow it. 39 Iowa, 349.

A showing of necessity should have been made, at the very least. A claim not legally chargeable is not one that the board is empowered to examine, settle and allow. 11 Cal. 171.

Allowance for board covers jailer's fees. The sheriff is only entitled to fees allowed by law. 40 Iowa, 314; 9 Kansas, 168.

The fees and salary of sheriff include his personal care of prisoners. 16 Kansas, 157.

Under the statute of March 7, 1883, the commissioners have clear and unequivocal discretion to reject such a claim as this.

WADE, C. J. This is an appeal from a judgment and order of the district court, dismissing the appeal of the sheriff of Madison county, the appellant herein, from an order of the board of commissioners of said county, rejecting the claim of said sheriff for the sum of $2,012.50 for furnishing a jailer for said county from the 20th day of December, 1880, to the 5th day of March, 1883, at the rate of $2.50 per day. On the trial the court found the following facts:

(1) That the appellant has been the sheriff of the county of Madison, territory of Montana, during the times hereinafter mentioned, and is now such officer. (2) That the appellant, as such sheriff, furnished a jailer for said county of Madison from the 20th day of December, 1880, to the 4th day of December, 1882, inclusive, and paid him therefor at the rate of $2.50 per day. (3) That the appellant, as such sheriff, furnished a jailer for said county of Madison from the 5th day of December, 1882, to the 5th day of March, 1883, inclusive, and paid him therefor at the rate of $2.50 per day. (4) That the amount so paid by the appellant to said jailer was reasonable, and that the services of said jailer were performed in and about the common jail of said county of Madison, and that said jailer was also a deputy-sheriff of said county. (5) That the appellant duly presented his claim for said amounts so paid by him for said jailer to the board of county commissioners of said county of Madison, the respondent, and the same was rejected, and payment of the same or any part thereof was refused. (6) That the appellant thereafter duly appealed from said action of said respondent to said court.

Upon these facts the court found, as a conclusion of law, that the claim of appellant for the payment of the services of said jailer was not a legal demand, there being no statute authorizing the board of commissioners to pay the same, and thereupon ordered and adjudged that the said sheriff's appeal be dismissed. The statutes of the territory having to do with the question involved herein are as follows:

Section 357, R S. p. 482, provides that no amount shall be allowed by the board of county commissioners, unless the same be made out in separate items and the nature of each item stated; nor unless the same be verified by affidavit, showing that the amount is just and wholly unpaid, and if the amount be for official services for which no specified fees are fixed by law, the time actually and necessarily devoted to such service shall be stated; but nothing in the section contained shall prevent such board from disallowing any amount, in whole or in part, when so rendered and certified.

Section 748 provides as follows: "The sheriff shall have the custody of the jail in his county and of the prisoners therein, and shall keep the same personally or by his deputy, for whose debts he shall be responsible, and shall furnish, at the expense of the proper county, all necessary sustenance, bedding, clothing, fuel, and medical attendance for the prisoners committed to his custody."

Section 749. "The sheriff may appoint a jailer, who, in the absence or disability of the sheriff, shall have the custody of the jail and the prisoners."

Section 1, Laws Thirteenth Sess. 107, 108, provides as follows: "The sheriff shall have a jailer and as many guards as the county commissioners may deem necessary, who shall receive such compensation as the county commissioners may allow."

The findings of fact do not show that the services of a jailer were necessary for the care and custody of the jail

or the prisoners therein, if any such there were, which does not appear. This is a claim for official services for which no specified fees are fixed by the law; and in such a case the necessity for the services must be made to appear. It would not be lawful for the commissioners or court to allow claims for such services until it was clearly shown that such services were actually necessary, and that they were legally performed in the discharge of official duty.

For all that appears in the findings there may not have been a prisoner in the jail for the entire period for which the sheriff claims pay for his jailer, and if there were no prisoners, and there was no necessity for employing a jailer, then there could be no lawful claim against the county for the services of a jailer in such a case. The compensation of a jailer must depend upon the necessity there is for his being employed as such. He cannot receive pay as jailer if he has no duties to perform. It is the duty of the sheriff to appoint a jailer; but if he has no prisoners in custody, and no services for him to perform as such, he may discharge him, and should do so. In order to give the jailer authority to have the custody of the jail and the prisoners, he must be a deputy-sheriff, but he cannot receive pay as a deputy-sheriff and as jailer of an empty jail at the same time. Section 749 provides just when and under what circumstances the jailer may have the custody of the jail and the premises, viz., "in the absence or disability of the sheriff." If the sheriff is not absent or disabled, he has no authority to put the jail and prisoners into the custody of the jailer. The law seems to require the sheriff to appoint a jailer, so that in cases of the necessary absence or disability of the sheriff there may be an officer legally competent to take charge of the jail and the prisoners therein, and for services so rendered the jailer would be entitled to reasonable compensation. There is nothing in the findings to show that the sheriff was absent or disabled

during any of the period for which he has charged for the services of a jailer, or that the jailer so employed ever had the legal custody of the jail of the county, or of any prisoners therein.

Judgment and order affirmed.